Opinion by
Willson, J.
§ 568. Jurisdiction of county court of suit for damages for injury to an easement; case stated. Appellees sued appellant to recover damages for injury caused to certain lots owned by them, situated in the city of Houston; said injury being caused by the construction and operation of appellant’s railway along a street upon which said lots abutted. They recovered judgment for $250 and costs. Appellant excepted to the jurisdiction of the county court upon the ground that this suit neces *501 sarily involved the title to the lots. This exception was overruled, and this ruling is assigned as error. Held: The case of Gascamp v. Drews, ante, § 95, and the case of Scripture v. Kent, W. & W. Con. Rep. § 1057, were suits to recover or impose easements upon land, and necessarily involved the title to the land. But such is not the nature of the relief sought in this action. This is not an action to “recover land,” or any interest in land, but to recover damages for injury done to land, and in such cases the county court has jurisdiction, where the amount claimed is within its jurisdiction. [W. & W. Con. Rep. §§ 579, 1131.]
February 25, 1885.
§ 569. Petition in action for damages for injury to easement, held sufficient. It is insisted that the court erred in overruling appellant’s exceptions to the petition because it did not appear from said petition that the acts complained of were negligent, illegal or wrongful, nor that appellant’s charter and the ordinances of the city of Houston did not authorize and permit appellant to build and operate its road on said street; nor that appellant had not built said road carefully and skilfully; nor that there was any carelessness or negligence in operating said road. Held: The case of R. R. Co. v. Odum, 53 Tex. 351, is not applicable. The correct doctrine applicable to this case was announced by this court in R. R. Co. y: Graves [W. & W. Con. Rep. § 579], which doctrine was subsequently reannounced by our supreme court in R. R. Co. v. Eddins [60 Tex. 656]. It was unnecessary that the petition should allege the matters pointed out by the exceptions, and said exceptions were properly overruled.
Affirmed.